UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARGARET A. DOHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:04-cv-2031-DFH-WTL |
| ) | |
| KEY BENEFIT ADMINISTRATORS, INC., ) | |
| ) | |
| Defendant. ) | |

ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Margaret A. Doherty has brought this case against her former employer Key Benefit Administrators, Inc. ("KBA") alleging that defendant terminated her because of her age in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and retaliated against her for reporting discrimination, also in violation of both the ADEA and Title VII. KBA claims that it terminated Doherty for inadequate performance and a poor attitude. KBA has moved for summary judgment on all claims. The motion is granted in part and denied in part.

In deciding a motion for summary judgment, the court must view conflicting evidence in the light reasonably most favorable to the non-moving party and must give her the benefit of any reasonable and favorable inferences from that evidence.

See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[B]ecause summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The court's only task is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.*

Keeping these standards in mind, Doherty has come forward with evidence sufficient to demonstrate a genuine dispute of material fact with respect to both her age and race claims under the indirect burden-shifting method of proving discrimination articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Fisher v. Wayne Dalton Corp.*, 139 F.3d 1137, 1141 (7th Cir. 1998) (applying indirect method of proof to age discrimination claim); *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005) (same on reverse race discrimination claim).

With respect to both claims, Doherty has come forward with evidence that, if believed, demonstrates that she was performing her job within legitimate expectations at the time of her termination. Any finding otherwise would require the court to undertake the sort of "paper trial" that is inappropriate on a motion for summary judgment. Additionally, viewing the evidence in a light reasonably most favorable to Doherty, the party opposing summary judgment, she has also

demonstrated an issue of fact as to whether she was treated less favorably than similarly situated co-worker Teryna Fitzpatrick, who is both younger and of a different race. Doherty and Fitzpatrick were not completely identical to one another, but they need not be identical to be considered similarly situated. *Radue v. Kimerly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000). Although Doherty earned more and had somewhat more experience than Fitzpatrick, Doherty has offered substantial evidence that the two employees' positions, responsibilities, familiarity with KBA's operations during the events at issue, and performance were sufficiently "comparable in all material respects." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006). Additionally, as is demonstrated by the analysis regarding Doherty's race discrimination claim below, she has offered evidence sufficient to create a genuine issue of fact with respect to pretext, which could permit an inference of unlawful discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993) ("rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination").

KBA argues that, as a Caucasian plaintiff alleging "reverse" race discrimination under Title VII, Doherty has not shown the requisite "background circumstances" supporting an inference of discrimination against a Caucasian. Such a plaintiff must come forward with some evidence showing some reason why the employer would be inclined to discriminate against Caucasians or evidence that there is "something fishy" about the circumstances at issue. *Ballance*,

-3-

424 F.3d at 617. Doherty has not introduced the kind of clear-cut race-related evidence commonly found to reach this threshold. See, *e.g.*, *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 822 (7th Cir. 2006) (finding sufficient background circumstances where Caucasian workers were terminated by their African American supervisor and replaced with African American employees); *Ballance*, 424 F.3d at 618 ("background" element of a reverse discrimination case was satisfied where plaintiff offered evidence of preferential treatment of women and racial minorities and evidence from a decision-maker that race and gender were in fact taken into account in making hiring and promotion decisions).

Doherty has offered no clear-cut evidence that race was an issue in the decision to terminate her. The requisite "background circumstances," however, may in certain circumstances be shown by evidence not specifically related to race, such as "evidence of schemes to fix performance ratings to [plaintiffs'] detriment, that the hiring system seemed rigged against them because it departed from the usual procedures in an 'unprecedented fashion,' or that they were passed over despite superior qualifications." *Mills v. Health Care Service Corp.*, 171 F.3d 450, 455 & 457 (7th Cir. 1999), citing *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993) (reversing district court dismissal of plaintiff's reverse race discrimination claim; Caucasian plaintiff's allegations that he was not promoted despite having superior qualifications, if supported, were sufficient to establish a prima facie case of reverse race discrimination under Title VII).

Doherty's evidence, if believed, undermines the honesty of KBA's proffered reason for her termination. This evidence includes evidence of improved performance by Doherty's department and her supervisor's approval of her work just before her termination, shifting explanations for her termination, lack of foundation for representations made before the EEOC, comparative evidence regarding Doherty and Fitzpatrick, and deviation from the procedures set forth in her warning letter, for example. Giving Doherty the benefit of the generous standard that applies on summary judgment, it is possible that this non-racial evidence is sufficient to meet the rather murky standard of "something fishy." Whether Doherty has met her burden under the reverse race discrimination prima facie case is a close question, at best. As noted, however, her age discrimination claims will need to be presented to a jury for resolution. The best course of action under these circumstances is to permit Doherty also to present her claim of race discrimination at the same time. It is likely to involve the same evidence relevant to her age discrimination claim. The court may then take the opportunity to revisit the legal issues as needed after the facts are developed at trial.

Doherty's retaliation claims, however, cannot survive summary judgment. To avoid summary judgment on her ADEA or Title VII retaliation claims, Doherty must raise a genuine issue of fact as to whether she has engaged in the protected activity of opposing or complaining of statutorily prohibited discrimination. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d); *Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640, 644 (7th Cir. 2002); *Racicot v. Wal-Mart Stores, Inc.*

414 F.3d 675, 678-79 (7th Cir. 2005). This requirement is clear from *Durkin v. City of Chicago*, 341 F.3d 606, 614 (7th Cir. 2003), for example, in which the court affirmed a grant of summary judgment against a retaliation plaintiff. Although the plaintiff in *Durkin*, who alleged sexual harassment, had repeatedly complained, the court found that her complaints "were vague and concerned subject matters other than harassment." *Id.* at 615. Without evidence that the plaintiff had complained of the sex-based discrimination prohibited by law, the court explained, her retaliation claim could not survive. "It is axiomatic that an employee engage in statutorily protected activity before her employer can retaliate against her for engaging in statutorily protected activity." *Id.* at 614-15. Because, as *Durkin* teaches, statutorily protected activity requires a complaint of discriminatory treatment, a plaintiff must offer evidence that she complained of prohibited discrimination.

Doherty has failed to do so. The only evidence Doherty presents regarding any complaint she made relates to her January 8, 2004 meeting with her former supervisor, Cindy Kilburn, in which she asked whether Fitzpatrick, who shared the same job title and responsibilities as Doherty, was also going to receive a written warning. During the meeting, Kilburn informed Doherty that Fitzpatrick would not receive a warning because Doherty had more experience and received greater pay than Fitzpatrick and therefore KBA expected more from her. See Pl. Dep. at 88-89, 146-47. Additionally, in her written response to her warning, Doherty wrote the following passage:

> I asked if Teryna Fitzpatrick was also being given a written warning, since she is also a Customer Service Manager. You indicated that she was not. I asked why not. The reason you gave was that I made more money and had more experience here and elsewhere, so more was expected of me than Teryna. You also mentioned that you were going to see that Teryna received more money this year. You said that you looked to me to manage Customer Service. This has never been communicated to me. Teryna does not report to me.

Pl. Dep. Ex. 7. Neither Doherty's account of her conversation with Kilburn at the January 8, 2004 meeting nor her written response to her warning indicate that Doherty was complaining that she was being discriminated against because of either her race or her age. Doherty has offered no other evidence that she engaged in a statutorily protected activity. She has therefore failed to raise a genuine issue of material fact with respect to her retaliation claim because, without any protected act, there can be no retaliation.

Defendant's motion for summary judgment (Docket No. 33) is granted as to Doherty's retaliation claims and denied as to her race and age discrimination claims for her 2003 termination. The court will set a scheduling conference in the near future to set a new trial date.

So ordered.

Date: August 4, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-8-

Copies to:

David M. Brooks
BROOKS KOCH & SORG
dmbrooks@bbks-law.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Susan Oliver
BOSE MCKINNEY & EVANS, LLP
soliver@boselaw.com